**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **TERESA SHIRK** | : | |
| **7914 Stratford Drive** | : | |
| **Parma, OH 44129** | : | |
| | : | Case No. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Judge: |
| **VISTA SPRINGS SERVICES, LLC** | : | |
| 8668 Day Drive | : | |
| Parma, OH 44129 | : | |
| | : | |
| and | : | |
| | : | |
| **TERRIE GIBLER** | : | |
| 8668 Day Drive | : | |
| Parma, OH 44129 | : | |
| | : | |
| and | : | |
| | : | |
| **CINDY JONES** | : | |
| 8668 Day Drive | : | |
| Parma, OH 44129 | : | |
| | : | |
| and | : | |
| | : | |
| **LOUIS ANDRIOTTI** | : | |
| 8668 Day Drive | : | |
| Parma, OH 44129 | : | |
| | : | |
| Defendants. | : | |

## <u>NOTICE OF REMOVAL</u>

Defendants Vista Springs Services, LLC, Terrie Gibler, Cindy Jones, and Louis
Andriotti (collectively, "Defendants"), pursuant to 28 U.S.C. § 1441 et seq., hereby file this
Notice of Removal to the United States District Court for the Northern District of Ohio, and
state as follows:

## PROCEEDINGS IN STATE COURT AND TIMELINESS OF REMOVAL

1.      Plaintiff Teresa Shirk ("Shirk") initiated this action by filing a Complaint on February 2, 2018, in the Court of Common Pleas of Cuyahoga County, Ohio, against Defendants, which is identified as Case Number CV 18 892468 ("State Court Action").  A copy of the Complaint is attached hereto as Exhibit "A."

2.      Defendant Vista Springs Services, LLC ("Vista Springs"), is a foreign limited liability company, doing business in Cuyahoga County, Ohio, as an assisted living facility.

3.      The Complaint alleges that Vista Springs employed Shirk from December 21, 2016, until her termination on October 16, 2017.  Complaint, ¶ 9.

4.      The Complaint alleges that, during Shirk's employment, Vista Springs failed to pay her minimum wage and overtime as well as made unlawful deductions from her daily pay, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C 201, et seq., and analogous Ohio law.  Complaint, ¶¶ 118-123.

5.      The Complaint also alleges pendant Ohio state law claims of: age discrimination; retaliation; negligent hiring, training, retention and supervision; aiding & abetting; and unjust enrichment.  Complaint, ¶¶ 66-117.

6.      On or about March 8, 2018, Defendants filed their Answer.  A copy of the Answer is attached hereto as Exhibit "B."

7.      Other than those described above, no other process, pleadings, or orders have been served on Defendants in this action.

8.      Thirty (30) days have not elapsed since this action became removable to the District Court.  Thus, removal is timely under 28 U.S.C. § 1446(b)(1).

## REMOVAL BASED ON FEDERAL QUESTION

9.      The United States District Court has jurisdiction over all claims arising under the constitution, laws or treaties of the United States.  28 U.S.C. § 1331.

10.      The State Court Action presents a federal question and this Court has original subject matter jurisdiction over the alleged FLSA claim pursuant.  Removal by Defendants is proper under 28 U.S.C. § 1441(b) because Shirk specifically pleaded a claim under the provisions of the FLSA and, accordingly, a federal question is present on the face of the Complaint.  *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 700 (2003); 28 U.S.C. § 1441(a).

11.      The jurisdictional basis for removal of this action to the United States District Court for the Northern District of Ohio existed at the time the Complaint was filed and exists as of the time of the filing of this Notice of Removal.

## VENUE

12.      The State Court Action was filed in the Cuyahoga County Court of Common Pleas.  The place of business at issue in the action is in Cuyahoga County, Ohio.  Venue properly lies in the United States District Court for the Northern District of Ohio because it is the district court where the State Action is pending.  *See* 28 U.S.C. § 1441(a).

## NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL

13.      No previous application has been made for the relief requested herein.

14.      All Defendants consent to the removal of this action.

15.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action are being filed with this Notice of Removal.

16.     Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice of Removal in the United States District Court for the Northern District of Ohio, written notice of such filing will be filed with the Clerk of the Cuyahoga County Court of Common Pleas via its E-Filing System, and sent via email to Shirk's counsel of record:

WHEREFORE, Defendants remove this action to the United States District Court for the Northern District of Ohio.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

/s/ *Samuel N. Lillard*
Samuel N. Lillard (0040571)
Mathew A. Parker (0093231)*
250 West Street, Suite 400
Columbus, OH 43215
(614) 221-1425
(614) 221-1409 Fax
slillard@fisherphillips.com
mparker@fisherphillips.com

*Counsel for Defendants*

* To apply for bar admission or admission *pro hac vice,* pursuant to Local Rule 83.5.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing was served this 9th day of March

2018, via regular U.S. mail, postage prepaid, and electronic mail, upon the following:

Stephan I Voudris (0055795)
Brad Levine (0090286)
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
blevine@voudrislaw.com
440-543-0670
440-543-0721 (fax)

*Counsel for Plaintiff*

/s/ *Samuel N.Lillard*

SAMUEL N. LILLARD





**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

**Court of Common Pleas**

**New Case Electronically Filed:**
**February 2, 2018 14:51**

By: BRADLEY LEVINE 0090286

Confirmation Nbr. 1292350

| | |
|---|---|
| TERESA SHIRK | CV 18 892468 |
| vs. | |
| VISTA SPRINGS SERVICES LLC, ET AL. | **Judge:** BRIAN J. CORRIGAN |

**Pages Filed:** 17

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| TERESA SHIRK ) | Civil Action No. _____ | |
| 7914 Stratford Drive ) | | |
| Parma, OH 44129 ) | Judge _____ | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| VISTA SPRINGS SERVICES LLC ) | **COMPLAINT FOR AGE** | |
| 8668 Day Drive ) | **DISCRIMINATION, HOSTILE WORK** | |
| Parma, OH 44129 ) | **ENVIRONMENT, RETALIATION,** | |
| ) | **RETALIATION IN VIOLATION OF** | |
| and ) | **OHIO REVISED CODE 3721.24,** | |
| ) | **NEGLIGENT HIRING, TRAINING** | |
| TERRIE GIBLER ) | **RETENTION & SUPERVISION,** | |
| 8668 Day Drive ) | **AIDING & ABETTING, UNJUST** | |
| Parma, OH 44129 ) | **ENRICHMENT, UNPAID MINIMUM** | |
| ) | **WAGES, AND UNPAID OVERTIME** | |
| and ) | | |
| ) | | |
| CINDY JONES ) | | |
| 8668 Day Drive ) | | |
| Parma, OH 44129 ) | | |
| ) | | |
| and ) | | |
| ) | | |
| LOUIS ANDRIOTTI ) | | |
| 8668 Day Drive ) | | |
| Parma, OH 44129 ) | | |
| ) | | |
| Defendants. ) | **JURY DEMAND ENDORSED HEREON** | |
| ) | | |

Plaintiff Teresa Shirk ("Plaintiff") alleges as follows for her Complaint against

Defendants Vista Springs Services LLC, Terrie Gibler, Cindy Jones, and Louis Andriotti

(collectively "Defendants"):

1.  Plaintiff worked for Defendants in Cuyahoga County, Ohio.

2.  Defendant Vista Springs Services LLC ("Vista Springs") is a foreign limited liability company, doing business in Cuyahoga County, Ohio.

3.  Vista Springs is an assisted living facility.

4.  Defendant Terrie Gibler ("Gibler") is the Director of Health & Wellness.

5.  Defendant Cindy Jones ("Jones") is the Executive Director.

6.  Defendant Louis Andriotti ("Andriotti") is the CEO.

7.  Defendants were an employer of Plaintiff.

8.  Gibler supervised Plaintiff.

9.  Defendant employed Plaintiff as a Personal Care Provider on the night shift from December 21, 2016 until her termination on October 16, 2017.

10. This Court has subject matter and personal jurisdiction over the claims raised in this Complaint.

11. Venue is proper in Cuyahoga County, Ohio.

12. Plaintiff has suffered damages in excess of $50,000.

13. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

14. Plaintiff consents to become a party plaintiff in this action and has attached her written consent hereto as Exhibit A.

2

## A.     DEFENDANTS DISCRIMINATE AGAINST PLAINTIFF BECAUSE OF HER AGE

15. Plaintiff was over the age of 40 years old while employed at Vista Springs.

16. Plaintiff was 59 years old at the time Defendants terminated her employment.

17. Plaintiff was qualified for her job as a Personal Care Provider.

18. On at least three occasions, Gibler commended Plaintiff for compliments Vista Springs had received from residents about Plaintiff's bedside manner.

19. Three Personal Care Providers named Dina Stalker ("Stalker"), Samantha Boehm ("Boehm") and Quinn Raul ("Raul") worked either before or after Plaintiff's shift.

20. Stalker, Boehm and Raul interacted with Plaintiff during shift changes.

21. Stalker, Boehm and Raul are significantly younger than Plaintiff.

22. Upon information and belief, Stalker, Boehm and Raul were under 30 years old during Plaintiff's employment at Vista Springs.

23. In September 2017, Stalker, Boehm and Raul began harassing Plaintiff because of her age by referring to her as "grandma" and "old."

24. Stalker, Boehm and Raul repeatedly accused Plaintiff of being incapable of performing her job duties as a Personal Care Provider because she was allegedly "too old."

25. Stalker, Boehm and Raul's age-based comments were severe and pervasive and permeated Plaintiff's workplace with intimidation, ridicule, and insults based on her age.

26. Stalker, Boehm and Raul's age-based comments altered the terms and conditions of Plaintiff's employment, and put Plaintiff in constant fear of harassment by her significantly younger coworkers.

3

27. In October 2017, Plaintiff submitted at least three handwritten reports to Gibler in which Plaintiff explicitly complained that she was being subjected to discrimination, harassment, and a hostile work environment by her three younger coworkers based on Plaintiff's age.  Plaintiff submitted her handwritten reports to Gibler by sliding them in a sealed envelope under Gibler's office door.

28. Plaintiff's handwritten reports to Gibler included explicit reference to Stalker, Boehm and Raul's repeated age-based comments.

29. Also in October 2017, Plaintiff called Gibler on her work phone, but Gibler did not answer.  Plaintiff then left a detailed voicemail message on Gibler's work phone in which Plaintiff complained that Stalker, Boehm and Raul were discriminating against Plaintiff because of her age.

30. Gibler never returned Plaintiff's call that she made in October 2017 to complain about age discrimination.

31. Gibler never investigated Plaintiff's oral and written complaints about age discrimination and a hostile work environment based on age.

32. Gibler never counseled, disciplined, or took any remedial action against Stalker, Boehm or Raul, despite Plaintiff's oral and written complaints about age discrimination and a hostile work environment based on age.

33. On October 9, 2017, Plaintiff met with Andriotti.  Plaintiff registered a complaint with Andriotti about Plaintiff being discriminated against on the basis of her age. Specifically, Plaintiff notified Andriotti of her age, and that Stalker, Boehm and Raul had

4

repeatedly called her "grandma" and "old."   Plaintiff exclaimed to Andriotti that the only

people who were entitled to call her "grandma" were her grandchildren.

34. Andriotti laughed at Plaintiff's complaint about age discrimination.

35. Andriotti never investigated Plaintiff's complaint about age discrimination.

36. Andriotti never counseled, disciplined, or took any remedial action against

Stalker, Boehm or Raul, despite Plaintiff's complaint about age discrimination.

37. Andriotti never counseled, disciplined, or took any remedial action against

Gibler for her failure to protect Plaintiff from age discrimination as Plaintiff's supervisor.

### B.      PLAINTIFF GAINS WHISTLEBLOWER PROTECTION UNDER OHIO REVISED CODE 3721.24

38. When an employee in good faith reports "suspected abuse, neglect, or

exploitation of a resident," Ohio Revised Code 3721.24 grants that employee whistleblower

protection against retaliation by the employer.

39. Plaintiff reported abuse, neglect, or exploitation of a resident both orally and

in writing to Gibler on multiple occasions.   Plaintiff submitted her written reports to Gibler

by sliding Plaintiff's handwritten complaints in a sealed envelope under Gibler's office door.

40. In August 2017, Plaintiff orally complained to Gibler that Defendants' policy

requiring Personal Care Providers to wake residents in the middle of the night to check on

their pendants was abusive towards residents because it disrupted their sleep schedule.

"Pendants" are electronic devices that Defendants require their residents to wear around their

necks to page Personal Care Providers.

41. On August 6, 2017, Plaintiff wrote Gibler that Defendants' procedure for checking residents' pendants disrupted their sleep schedule and exposed them to insomnia and daytime fatigue. Plaintiff wrote in her report to Gibler, "It does not seem realistic or kind to be waking up every resident at 11:30pm - Midnite [sic] to push their pendant, which is usually around their neck?!"

42. On August 11, 2017, Plaintiff wrote Gibler about numerous resident complaints, including but not limited to complaints about four Personal Care Providers who had neglected to "toilet" the residents before putting them to bed. Without properly "toileting" residents before bed, the Personal Care Providers created a liability that the residents would urinate or defecate during their sleep and develop sores or infections on their body from sleeping in their own bodily excrement. Plaintiff concluded her report to Gibler by writing, "Every [resident] should be able to be checked between 10:30 and 11:00 and be clean and dry and put to bed properly."

43. On August 15, 2017, Plaintiff wrote Gibler that none of the five Personal Care Providers on duty had changed the resident in room 206 from his daytime clothes to his night clothes so that he could go to sleep. Plaintiff further wrote that she had discovered all five of the Personal Care Providers on duty socializing in front of the television rather than caring for the resident in room 206. Plaintiff concluded her report to Gibler by writing, "As I've said before — if I follow 5 [Personal Care Providers] — I should find my [residents] all throughly cared for and the place pristine! Not happening."

44. In September 2017, Plaintiff orally complained to Jones about Personal Care Providers sleeping on the job. Specifically, Plaintiff told Jones, "The aids are asleep and are

6

neglecting the residents. If the aids are asleep then being asleep is neglect and neglect is abuse. I don't want to work with these aids because it's putting me in an illegal situation since I'm the only one awake and would be liable for the residents."

45. Also in September 2017, Plaintiff orally complained to Christine Gipson ("Gipson"), the Life Enrichment Director, about Personal Care Providers sleeping on the job. Specifically, Plaintiff told Gipson, "If you go to the second floor TV room, you'll find the aids asleep on the couch." Indeed, Gipson found the Personal Care Providers asleep in the second floor TV room. Gipson stated that she would convey Plaintiff's complaints to Gibler.

46. On September 16, 2017, Plaintiff wrote Gibler that Personal Care Providers were neglecting the residents by sleeping on the job. Plaintiff wrote in her report to Gibler, "I think you should be made aware that the new [Personal Care Provider] on the 3rd floor working nites [sic] has the same sleeping problem that Donesha has. I have worked with Ebony on 3 nites [sic] so far and all 3 nites [sic] she is sound asleep on the couch in the TV area on the 3rd floor."

47. On October 5, 2017, Plaintiff observed that Gibler had not stopped the threat to resident safety caused by Personal Care Providers sleeping on the job. Plaintiff wrote in her report to Gibler, "Keshia walked to the TV area where she found Donesha sound ASLEEP [sic] in the chair in the corner all snuggled into her blanket. Keshia had to say Donesha's name 3 times before she woke up, with a jump!!"

48. On October 9, 2017, Plaintiff wrote Gibler, "I went to 308 — she said she was NOT [sic] on bedpan since she was put to bed — she was awake until 10:00 and her bed was SOAKED [sic] . . . . She was absolutely NOT [sic] toileted on bedpan since put to bed at @

7

[sic] 9:00pm and she was put to bed in a Pull-Up which is why the ENTIRE BED [sic] was soaked . . . .  This was very difficult and painful for [the resident] — It was also totally unnecessary and should have been avoided."

### C.   DEFENDANTS TERMINATE PLAINTIFF IN RETALIATION FOR HER COMPLAINTS ABOUT AGE DISCRIMINATION AND IN VIOLATION OF PLAINTIFF'S WHISTLEBLOWER PROTECTION UNDER OHIO REVISED CODE 3721.24

49. On October 16, 2017, Jones and the Administrative Assistant, Patti Smiley, met with Plaintiff in a closed-door office.  Jones ominously rested her hand on a voluminous stack of reports that Plaintiff had submitted to Gibler regarding age discrimination and the abuse, neglect, or exploitation of residents.  Jones then fanned some of the reports and stated, "You're terminated, effective immediately."  Plaintiff exclaimed, "Why?  I love my residents and my residents love me!"  Jones tapped her fingers on the stack of reports and stated, "That's not the way I see it."  Plaintiff responded, "What I wrote in those reports are factual statements.   The other girls are calling me 'old' and 'grandma!'"  Jones concluded the meeting with a mocking retort, "Oh, Terry!  We're *well* aware of how old you are."

50. Defendants terminated Plaintiff because of her age, and in retaliation for her complaints about age discrimination, and in violation of Plaintiff's whistleblower protection under Ohio Revised Code 3721.24.

51. Defendants did not terminate Plaintiff's significantly younger coworkers Stalker, Boehm, and Raul.

52. Upon information and belief, Defendants replaced Plaintiff with someone significantly younger.

8

### D.   VISTA SPRINGS AUTOMATICALLY DEDUCTS THIRTY MINUTES FROM PLAINTIFF'S PAY

53. Plaintiff was the only Personal Care Provider on the night shift in the assisted living unit of Vista Springs.

54. As the only Personal Care Provider on the night shift in the assisted living unit, Plaintiff could not cease her work duties to take a lunch break because doing so would have posed a risk to the health and safety of Vista Springs' residents.

55. Vista Springs prohibited Plaintiff from ceasing her work duties to take a lunch break, because she was the only Personal Care Provider on the night shift in the assisted living unit.

56. Vista Springs' oral policy required Plaintiff to work through lunch.

57. Plaintiff never once took a lunch break during her employment.

58. Plaintiff worked through all of her lunches.

59. On a daily basis, Plaintiff engaged in substantial duties while she worked through lunch by taking care of residents.

60. At one point in time, Donesha, the only Personal Care Provider in the memory care unit, exclaimed that she was hungry and would cease her work duties to take a lunch break.   Mary Ellen Kazimour, the Licensed Practical Nurse on the night shift, warned Donesha that Vista Springs' oral policy prohibited Donesha from taking a lunch break and that if Donesha disregarded the oral policy, she might be disciplined by Vista Springs. Donesha expressed her frustration that she could not take a lunch break since Vista Springs automatically deducted thirty minutes from her pay, as if she had taken a lunch break.

Electronically Filed 02/02/2018 14:51 / / CV 18 892468 / Confirmation Nbr. 1292350 / CLDLJ

61. Donesha took her lunch break in disregard of Vista Springs' oral policy.

62. Vista Springs terminated Donesha's employment for taking a lunch break.

63. Despite the hours that Plaintiff worked through lunch, Vista Springs automatically deducted thirty minutes per day from her pay.

64. Vista Springs knew or should have known that Plaintiff worked through her lunch, because Vista Springs had ordered Plaintiff to work through her lunch.

65. Despite Vista Springs' actual and constructive knowledge, Vista Springs failed to prevent Plaintiff from working through lunch, or to pay Plaintiff her minimum wage and overtime wage for the hours that she worked over forty hours each week.

## COUNT I
## AGE DISCRIMINATION

66. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 65 above.

67. Plaintiff brings this action under Ohio Revised Code Sections 4112.02(L) and 4112.99.

68. Defendants terminated Plaintiff because of her age.

69. Plaintiff was qualified for the position of a Personal Care Provider.

70. Plaintiff suffered an adverse employment action by being terminated by Defendants.

71. The person who replaced Plaintiff as a Personal Care Provider is significantly younger than Plaintiff.

72. Plaintiff has been damaged by Defendants' age discrimination.

73. Defendants' conduct is the cause of Plaintiff's damages.

10

74. Defendants acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT II
## AGE DISCRIMINATION/HOSTILE WORK ENVIRONMENT

75.  Plaintiff re-alleges each allegation set forth in paragraphs 1 to 74 above.

76. In violation of Ohio Revised Code Sections 4112.02(L) and 4112.99, Defendants discriminated against Plaintiff because of her age by subjecting Plaintiff to a hostile work environment and terminating her employment.

77. Plaintiff is a member of a protected class.

78. Plaintiff was qualified for her job.

79. Plaintiff suffered adverse employment actions when Defendants subjected Plaintiff to a hostile work environment based on her age.

80. Defendants created a hostile work environment based on Plaintiff's age by engaging in severe and pervasive conduct that altered the terms conditions of Plaintiff's employment.

81. Plaintiff has been damaged by Defendants' age discrimination and hostile work environment based on Plaintiff's age.

82. Defendants' conduct is the cause of Plaintiff's damages.

83. Defendants acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT III
## RETALIATION

84.  Plaintiff re-alleges each allegation set forth in paragraphs 1 to 83 above.

11

85. Plaintiff brings this action under Ohio Revised Code Sections 4112.02(I) and 4112.99.

86. Plaintiff orally opposed and complained about Defendants' unlawful employment practices.

87. Plaintiff had a reasonable belief that Defendants were engaging in unlawful employment practices.

88. Defendants retaliated against Plaintiff by terminating her employment.

89. Plaintiff's opposition and complaints about Defendants' unlawful employment practices caused Defendants to terminate Plaintiff.

90. Defendants had no legitimate business justification for terminating Plaintiff.

91. Plaintiff has been damaged by Defendants' retaliation.

92. Defendants' conduct is the cause of Plaintiffs' damages.

93. Defendants acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT IV
## RETALIATION IN VIOLATION OF OHIO REVISED CODE 3721.24

94. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 93 above.

95. In violation of Ohio Revised Code 3721.24, Defendants retaliated against Plaintiff by terminating her employment.

96. While working for Defendants, Plaintiff became aware of violations of Ohio Revised Code 3721.24 based on Plaintiff's good faith suspicion that Defendants were engaged in the abuse, neglect, or exploitation of residents at an assisted living facility.

12

97. Plaintiff orally complained about the violations and submitted handwritten reports to her supervisor that provided sufficient detail to identify and describe the violations.

98. Plaintiff engaged in a protected activity under Ohio Revised Code Section 4113.52.

99. Plaintiff suffered an adverse employment action when Defendants suspended terminated Plaintiff.

100. There is a causal connection between Plaintiff's protected activity and her termination.

101. Plaintiff has been damaged by Defendant's conduct.

## COUNT V
## NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION

102. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 101 above.

103. Vista Springs had a duty to use due care in hiring, training, retaining, and supervising Gibler.

104. Vista Springs breached its duty to use due care in hiring, training, retaining, and supervising Gibler.

105. Plaintiff has been damaged by Vista Springs' failure to use due care.

106. Vista Springs' conduct is the cause of Plaintiff's damages.

## COUNT VI
## AIDING AND ABETTING

107. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 106 above.

108. Plaintiff brings this action under Ohio Revised Code Sections 4112.02(J) and 4112.99.

13

109. Defendants have aided in the age discrimination of Plaintiff and in creating a hostile work environment based on Plaintiff's age.

110. Defendants have abetted in the age discrimination of Plaintiff and in creating a hostile work environment based on Plaintiff's age.

111. Plaintiff has been damaged by Defendants' aiding or abetting.

112. Defendants' conduct is the cause of Plaintiff's damages.

113. Defendants acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT VII
## UNJUST ENRICHMENT

114. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 113 above.

115. Plaintiff conveyed a benefit upon Vista Springs, and gave the benefit with Vista Springs' knowledge, by working through her lunches without pay.

116. Vista Springs' automatic deduction of a half hour for a lunch break from Plaintiff's daily pay is unjust under the circumstances.

117. Plaintiff has been damaged by Vista Springs' unjust enrichment.

## COUNT VIII
## UNPAID MINIMUM WAGES

118. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 117 above.

119. Vista Springs has violated Section 34a, Article II, often Ohio Constitution, Ohio Revised Code Section 4111.14 by not paying Plaintiff her minimum wage.

120. Vista Springs' conduct with regard to not paying minimum wage was willful.

121. Plaintiff has been damaged by Vista Springs' nonpayment of minimum wage.

14

122. In addition to being entitled to her unpaid back wages, Plaintiff is entitled to two times those back wages as liquidated damages pursuant to Section 34a of Article II often Ohio Constitution and Ohio Revised Code Section 4111.14(J) (or in the alternative one times those back wages as liquidated damages pursuant to the Fair Labor Standards Act).

123. Vista Springs is liable for Plaintiff's costs and reasonable attorney's fees pursuant to Section 34(a) of Article II of the Ohio Constitution, and the Fair Labor Standards Act.

## COUNT IX
## UNPAID OVERTIME

124. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 123 above.

125. Vista Springs has violated Ohio Revised Code Sections 4111.03 and 4111.10 and the Fair Labor Standards Act by not paying Plaintiff overtime wages for hours worked more than 40 in a week.

126. Vista Springs' conduct with regard to not paying overtime to Plaintiff was willful.

127. Plaintiff has been damages by Vista Springs' nonpayment of overtime wages.

128. Plaintiff is entitled to liquidated damages of one times overtime not paid pursuant to the Fair Labor Standards Act.

129. Vista Springs is liable for Plaintiff's costs and reasonable attorney's fees pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

WHEREFORE, Plaintiff demands judgment against Defendants for her lost wages, reinstatement or front pay, lost fringe benefits, unpaid minimum wage and overtime, liquidated

damages, statutory damages, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, interest on unpaid wages pursuant to Ohio Revised Code 4113.15, post-judgment interest, attorney's fees and costs, and all other relief to which she is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Brad Levine
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Brad Levine, Esq.
Supreme Court No. 0090286
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
blevine@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*

Teresa Shirk agrees and consents to become a party plaintiff in this lawsuit.

**EXHIBIT A**





**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**ANSWER OF...**
**March 8, 2018 14:35**

By: SAMUEL N. LILLARD 0040571

Confirmation Nbr. 1321667

TERESA SHIRK                                          CV 18 892468

      vs.

VISTA SPRINGS SERVICES LLC, ET AL.          **Judge:** BRIAN J. CORRIGAN

**Pages Filed:** 16

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| TERESA SHIRK, | ) CASE NO. 18CV892468 |
| | ) |
| Plaintiff, | ) JUDGE BRIAN J. CORRIGAN |
| | ) |
| v. | ) |
| | ) |
| VISTA SPRINGS SERVICES LLC, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANTS
## TO PLAINTIFF'S COMPLAINT

Now Come Defendants Vista Springs Services LLC, Terrie Gibler, Cindy Jones, and Louis Andriotti (collectively, "Defendants"), by and through their undersigned attorneys, and for their Answer to the Complaint of Plaintiff Teresa Shirk ("Plaintiff"), state as follows:

1.     Defendants admit that Plaintiff worked for VS Greenbriar Services LLC, a member of Vista Springs Services LLC in Cuyahoga County, Ohio.  Defendants deny the remaining allegations set forth in Paragraph 1.

2.     Admit.

3.     Admit.

4.     Deny.  Further answering, Defendants state that Defendant Terrie Gibler is the Health & Wellness Director.

5.     Admit.

6.     Admit.

7.     Paragraph 7 calls for a legal conclusion, and as such, does not require a responsive pleading.  Notwithstanding, Defendants admit only that VS Greenbriar Services

LLC, a member of Vista Springs Services LLC was an employer of Plaintiff.  Defendants deny the remaining allegations set forth in Paragraph 7.

**8.**   Admit.

**9.**   Defendants admit only that VS Greenbriar Services LLC, a member of Vista Springs Services LLC employed Plaintiff as a Personal Care Partner on the night shift from December 21, 2016, until her termination on October 16, 2017.  Defendants deny the remaining allegations set forth in Paragraph 9.

**10.**   Paragraph 10 calls for a legal conclusion, and as such, does not require a responsive pleading.   Notwithstanding, Defendants admit the allegations set forth in Paragraph 10.

**11.**   Paragraph 11 calls for a legal conclusion, and as such, does not require a responsive pleading.   Notwithstanding, Defendants admit the allegations set forth in Paragraph 11.

**12.**   Deny.

**13.**   Defendants admit only that Plaintiff purports to have hired Voudris Law LLC to represent her in this action.  As to the remaining allegations in Paragraph 13, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore, deny the same.

**14.**   Defendants admit only that Exhibit A to the Complaint purports to be Plaintiff's consent to become a party plaintiff in this action.  Defendants deny the remaining allegations set forth in Paragraph 14.

**15.**   Admit.

16.     Defendants admit only that Plaintiff was approximately 59 years old at the time Vista Springs Services LLC terminated her employment. Defendants deny the remaining allegations set forth in Paragraph 16.

17.     Deny.

18.     Deny.

19.     Admit.

20.     Admit.

21.     Paragraph 21 calls for a legal conclusion, and as such, does not require a responsive pleading.

22.     Deny.

23.     Deny.

24.     Deny.

25.     Deny.

26.     Deny.

27.     Deny.

28.     Deny.

29.     Deny.

30.     Deny.

31.     Defendants deny that Plaintiff made any oral and/or written complaints about age discrimination and a hostile work environment based on age. As a result, Defendants admit that there was no investigation of the same.

**32.** Defendants deny that Plaintiff made any oral and/or written complaints about age discrimination and a hostile work environment based on age. As a result, Defendants admit that there was no disciplinary action related to the same.

**33.** Deny.

**34.** Deny.

**35.** Defendants deny that Plaintiff made any oral and/or written complaints about age discrimination and a hostile work environment based on age. As a result, Defendants admit that there was no investigation of the same.

**36.** Defendants deny that Plaintiff made any oral and/or written complaints about age discrimination and a hostile work environment based on age. As a result, Defendants admit that there was no disciplinary or remedial action related to the same.

**37.** Defendants deny that Plaintiff made any oral and/or written complaints about age discrimination and a hostile work environment based on age. As a result, Defendants admit that there was no disciplinary or remedial action related to the same.

**38.** Paragraph 38 calls for a legal conclusion, and as such, does not require a responsive pleading. To the extent that a response is required, Defendants state that R.C. 3721.24 speaks for itself.

**39.** Deny.

**40.** Deny.

**41.** Deny. Defendants further state that Plaintiff wrote in the communication log for August 6, 2017, that there was "[n]othing unusual to report."

**42.** Deny.

**43.** Defendants admit only that on August 15, 2017, Plaintiff wrote a note to "Savannah/Terrie" regarding a resident who yelled at Plaintiff. Further answering, Defendants state that said note speaks for itself. Defendants deny the remaining allegations set forth in Paragraph 43.

**44.** Deny.

**45.** Deny.

**46.** Defendants admit only that in September 2017, Plaintiff wrote notes to Ms. Gibler on various subjects related to her shift. Defendants deny the remaining allegations set forth in Paragraph 46.

**47.** Defendants admit only that on October 5, 2017, Plaintiff wrote a note to "Terrie." Further answering, Defendants state that said note speaks for itself. Defendants deny the remaining allegations set forth in Paragraph 47.

**48.** Defendants admit only that on October 9, 2017, Plaintiff wrote a note to "Terrie." Further answering, Defendants state that said note speaks for itself. Defendants deny the remaining allegations set forth in Paragraph 48.

**49.** Defendants admit that on October 16, 2017, a meeting occurred during which Plaintiff was advised of her discharge. Defendants further admit only that during the discharge meeting of October 16, 2017, Plaintiff reported that the "other girls are calling me old and grandma." Further answering, Defendants state that this was the very first time that Plaintiff ever made any such reports, whether orally, in writing, or otherwise. Defendants deny the remaining allegations set forth in Paragraph 49.

**50.** Deny.

51.     Admit.  Further answering, Defendants state that that Stalker, Boehm, and Raul did not engage in comparable conduct.  Defendants also state that other employees who were substantially younger than Plaintiff and engaged in comparable conduct were discharged for reasons similar to those resulting in Plaintiff's discharge.

52.     Paragraph 52 calls for a legal conclusion, and as such, does not require a responsive pleading.  To the extent that a response is required, Defendants deny the same.

53.     Deny.

54.     Deny.

55.     Deny.

56.     Deny.

57.     Deny.

58.     Deny.

59.     Deny.

60.     Deny.

61.     Deny.

62.     Deny.

63.     Deny.

64.     Deny.

65.     Deny.

66.     Defendants incorporate by reference all of the responses to the previous Paragraphs as if fully rewritten herein.

67.     Defendants admit only that Plaintiff purports to bring this action under R.C. 4112.02(L) and R.C. 4112.99.

**68.**     Deny.

**69.**     Deny.

**70.**     Paragraph 70 calls for a legal conclusion, and as such, does not require a responsive pleading.

**71.**     Paragraph 71 calls for a legal conclusion, and as such, does not require a responsive pleading.  To the extent that a response is required, Defendants deny the same.

**72.**     Deny.

**73.**     Deny.

**74.**     Deny.

**75.**     Defendants incorporate by reference all of the responses to the previous Paragraphs as if fully rewritten herein.

**76.**     Deny.

**77.**     Paragraph 77 calls for a legal conclusion, and as such, does not require a responsive pleading.

**78.**     Deny.

**79.**     Deny.

**80.**     Deny.

**81.**     Deny.

**82.**     Deny.

**83.**     Deny.

**84.**     Defendants incorporate by reference all of the responses to the previous Paragraphs as if fully rewritten herein.

**85.** Defendants admit only that Plaintiff purports to bring this action under R.C. 4112.02(I) and R.C. 4112.99.

**86.** Deny.

**87.** Deny.

**88.** Deny.

**89.** Deny.

**90.** Deny.

**91.** Deny.

**92.** Deny.

**93.** Deny.

**94.** Defendants incorporate by reference all of the responses to the previous Paragraphs as if fully rewritten herein.

**95.** Deny.

**96.** Deny.

**97.** Deny.

**98.** Deny.

**99.** Deny.

**100.** Deny.

**101.** Deny.

**102.** Defendants incorporate by reference all of the responses to the previous Paragraphs as if fully rewritten herein.

**103.** Paragraph 103 calls for a legal conclusion, and as such, does not require a responsive pleading.

**104.**   Deny.

**105.**   Deny.

**106.**   Deny.

**107.**   Defendants incorporate by reference all of the responses to the previous Paragraphs as if fully rewritten herein.

**108.**   Defendants admit only that Plaintiff purports to bring this action under R.C. 4112.02(J) and R.C. 4112.99.

**109.**   Deny.

**110.**   Deny.

**111.**   Deny.

**112.**   Deny.

**113.**   Deny.

**114.**   Defendants incorporate by reference all of the responses to the previous Paragraphs as if fully rewritten herein.

**115.**   Deny.

**116.**   Deny.

**117.**   Deny.

**118.**   Defendants incorporate by reference all of the responses to the previous Paragraphs as if fully rewritten herein.

**119.**   Deny.

**120.**   Deny.

**121.**   Deny.

**122.**   Deny.

**123.** Deny.

**124.** Defendants incorporate by reference all of the responses to the previous Paragraphs as if fully rewritten herein.

**125.** Deny.

**126.** Deny.

**127.** Deny.

**128.** Deny.

**129.** Deny.

## WHEREFORE CLAUSE

Defendants deny that Plaintiff is entitled to any of the relief demanded in the WHEREFORE clause of the Complaint.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint that is not specifically admitted herein.

## AFFIRMATIVE OR OTHER DEFENSES

Defendants do not knowingly or intentionally waive any applicable defense and reserve the right to assert and rely on such other applicable defenses as may become available or apparent during the course of the proceedings.  Defendants further reserve the right to amend their Answer and/or Affirmative and Other Defenses and/or delete defenses that they determine are not applicable during the course of the proceedings. Without assuming any burdens that Defendants would not otherwise bear, Defendants assert the following affirmative and/or other defenses:

**1.** Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred by any applicable statutes of limitation.

3.      Plaintiff's claims are barred and/or limited by the doctrines of laches, consent, unclean hands, waiver, estoppel, and/or after-acquired evidence.

4.      Plaintiff's claims are barred to the extent that Plaintiff has failed to exhaust internal and/or administrative remedies.

5.      Plaintiff has approved and ratified the alleged acts of Defendants about which Plaintiff now complains.

6.      Vista Springs Services LLC had in place, at all times, an effective policy prohibiting any type of unlawful discrimination and retaliation in the workplace, and exercised reasonable care to prevent and promptly correct any alleged unlawful behavior.

7.      Vista Springs Services LLC had in place, at all times, an effective policy to ensure employees were paid appropriately, and exercised reasonable care to prevent and promptly correct any alleged underpayment.

8.      Defendants had legitimate, non-discriminatory, and non-retaliatory reasons for any alleged adverse employment actions.

9.      Defendants deny that any discriminatory and/or retaliatory conduct occurred, but if the same is found, Defendants would have made the same decision in the absence of any such conduct.

10.     Plaintiff did not engage in any kind of protected activity, but even if Plaintiff did, no causal link exists between any alleged protected activity and any adverse employment action.

11.     If Plaintiff suffered any damages or losses, such damages or losses were caused, in whole or in part, by Plaintiff's own conduct, acts, or omissions, thereby completely or partially barring Plaintiff's recovery in this action.

12.     Plaintiff has either failed to mitigate her damages, if any, or has fully mitigated her damages.

13.     Any damages recovered by Plaintiff must be offset by any compensation or income she has received or could have received with reasonable diligence for the period for which she is seeking damages.

14.     Defendants have at all times acted in good faith, did not act willfully, has acted in conformity with and in reliance on the applicable administrative regulations, orders, rulings, approvals and interpretations or on the applicable administrative practices and enforcement policies of administrative agencies, and/or have acted with reasonable grounds to believe that their actions were in conformity with the law, thus precluding recovery by Plaintiff against Defendants.

15.     Defendants expressly deny that they or any employee under their supervision acted in any manner which violated Plaintiff's rights, including engaging in discriminatory, retaliatory, or other unlawful actions toward Plaintiff.  If Plaintiff's rights were violated by an employee of Vista Springs Services LLC, such violation occurred outside the scope of employment and without the consent of Vista Springs Services LLC. Vista Springs Services LLC neither knew nor had reason to know of any such violation. Vista Springs Services LLC did not condone, ratify, or tolerate any such conduct, but instead prohibited such conduct.

16.     Defendants are entitled to the same actor inference.

17.     Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities or to otherwise avoid harm.

18.     Plaintiff's purported claims against Gibler, Jones, and Andriotti are barred, in whole or in part, because Plaintiff is not, nor has she ever been, an "employee" of, or employed by, Gibler, Jones, and Andriotti.  Put differently, Gibler, Jones, and Andriotti are not an "employer" here, as defined by the FLSA and the applicable Ohio state law, and therefore, they cannot be held liable with respect to any of the claims of Plaintiff.

19.     Plaintiff's purported claims against Gibler, Jones, and Andriotti are barred, in whole or in part, because Gibler, Jones, and Andriotti did not exercise control – formal, functional, or otherwise – over the Plaintiff.

20.     Plaintiff's purported claims against Gibler, Jones, and Andriotti are barred, in whole or in part, because the terms and conditions of employment of Plaintiff were set and managed exclusively by VS Greenbriar Services LLC, a member of Vista Springs Services LLC.

21.     Plaintiff's purported claims for unpaid wages against Gibler, Jones, and Andriotti are barred, in whole or in part, because Gibler, Jones, and Andriotti were not directly or indirectly involved in or responsible for wage payments to Plaintiff, but rather wage payments were set and managed exclusively by VS Greenbriar Services LLC, a member of Vista Springs Services LLC.

22.     Plaintiff's purported claims for unpaid wages and for liquidated damages are barred because Defendants at all times had a good faith, reasonable belief that Plaintiff was paid for all hours worked in accordance with applicable federal and state wage laws.

**23.**    Some or all of Plaintiff's purported claims for unpaid wages are barred because Plaintiff did not provide notice of any claimed unpaid wages.

**24.**    To the extent that Plaintiff worked any unpaid time, which Defendants deny, any such uncompensated time is *de minimis*.

**25.**    Plaintiff's claims are barred, in whole or in part, as they would expose Defendants to impermissible double-recovery by Plaintiff.

**26.**    Plaintiff is not entitled to recover punitive damages because these damages are not available remedies for some or all of the claims in the Complaint and/or Defendants' alleged actions were not willful, malicious, and without justification.

**27.**    Any damages recovered by Plaintiff must be offset and/or reduced by benefits she has received from any collateral source, pursuant to R.C. 2315.20.

**28.**    Plaintiff's claims for alleged punitive damages are limited under R.C. 2315.21.

**29.**    Plaintiff's claims for punitive damages should be bifurcated in accordance with R.C. 2315.21.

**30.**    The claims in the Complaint for punitive damages are barred and/or limited by the due process and equal protection clauses of the U.S. Constitution and by analogous provisions of the Ohio Constitution.  To the extent the Complaint seeks to make Defendants liable for punitive damages, Defendants adopt by reference whatever defenses, criteria, limitations and standards are mandated by the U.S. Supreme Court's decision in *BMW North Am., Inc. v. Gore*, 116 S.Ct. 1589 (1996) and its progeny.

**31.**    Plaintiff was an at-will employee whose employment could have been terminated at any time, for any reason, with or without notice.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants respectfully request that this Court enter judgment in their favor as follows:

    a.  Dismiss Plaintiff's Complaint in its entirety, with prejudice;

    b.  That Defendants be entitled to recover their costs, including reasonable attorneys' fees; and

    c.  Such further relief in law and equity to which Defendants may be entitled.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

*/s/ Samuel N. Lillard*
Samuel N. Lillard (0040571)
Mathew A. Parker (0093231)
250 West Street, Suite 400
Columbus, OH 43215
(614) 221-1425
(614) 221-1409 Fax
slillard@fisherphillips.com
mparker@fisherphillips.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed via the Court's electronic filing system and that the electronic filing system will electronically serve all Parties of record.


*/s/ Samuel N. Lillard*
Samuel N. Lillard (0040571)