UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TERESA SHIRK,** | ) | CIVIL ACTION NO.: 1:18-CV-00554 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| **VISTA SPRINGS SERVICES LLC,** | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION FOR
APPROVAL OF SETTLEMENT &
<u>DISMISSAL OF ACTION WITH PREJUDICE</u>**

**I.    INTRODUCTION**

Plaintiff Teresa Shirk ("Plaintiff") and Defendants Vista Springs Services LLC, VS Greenbriar Services LLC, Terrie Gibler, Cindy Jones, and Louis Andriotti (collectively, "Defendants"), respectfully move this Court to approve the Parties' Wage Claims Release Agreement ("Agreement") resolving Plaintiff's claims in this lawsuit for unpaid back wages, liquidated damages, interest, attorneys' fees, and expenses under the Fair Labor Standards Act ("FLSA"), O.R.C. 4111 et seq., and Section 34a of Article II of the Ohio Constitution ("Section 34a"), and to dismiss this action with prejudice.  The Agreement is attached hereto as **Exhibit A**.

As set forth more fully below, following arms-length negotiations between the Parties, which were facilitated by a private mediator, Jerome Weiss ("Weiss"), the Parties respectfully submit that they have achieved a settlement in this action that is fair and reasonable, and that satisfies all of the criteria for this Court's approval under the FLSA. (Declaration of Brad Levine ("Levine Dec.") at ¶¶ 10-14, attached hereto as **Exhibit B**).

## II. FACTUAL BACKGROUND

### A. The Action

On February 2, 2018, Plaintiff filed this action in Ohio state court alleging, among other claims, claims for unpaid back wages, liquidated damages, interest, attorneys' fees, and expenses under the FLSA, O.R.C. 4111 et seq., and Section 34a. Specifically, Plaintiff claimed that she worked through her meal breaks without pay.

Defendants removed the action to federal court, (Doc #: 1), and subsequently, on April 17, 2018, Plaintiff filed an Amended Complaint, (Doc #:14).

Thereafter, on April 30, 2018, Defendants filed their Answer and Affirmative Defenses. (Doc #: 15). Defendants disputed Plaintiff's material allegations, both as to fact and law, and denied any and all liability to Plaintiff.

### B. Informal Exchange of Discovery & Settlement Negotiations

Between April and June of 2018, the Parties engaged in written discovery related to Plaintiff's claims, including the exchange of information related to Plaintiff's payroll documents, timesheets, and other business records related to Plaintiff's wages and hours. (Levine Dec. at ¶8)The Parties submit that their investigation and exchange of information was sufficient to allow for counsel to evaluate their respective claims and defenses, and to make appropriate recommendations regarding the resolution of this Action. (*Id.* at ¶ 11).

Following their investigation and exchange of information, the Parties engaged in extensive arms-length settlement negotiations which were mediated by Weiss, including discussing their positions on the claims and defenses and exchanging their calculations of the alleged unpaid wages and other damages.

On June 20, 2018, after extensive, good-faith bargaining mediated by Weiss, the Parties ultimately achieved a settlement of this action on the terms set forth in the Agreement. The Parties concluded that an amicable resolution was preferable, taking into serious account the cost and time associated with the action as well as the uncertainty and risks inherent in any further litigation.

### C. Settlement Terms

The Parties' agreed to a gross settlement amount of $3,000.00 for the settlement of Plaintiff's unpaid back wages claims. (Exhibit A, ¶ 5). Upon this Court's approval, Defendants will pay to Plaintiff the gross amount of $3,000.00. (*Id.*) The Parties submit to this Court that, based upon their damages calculations, Plaintiff is being paid all of the money allegedly owed to her as well as liquidated damages, and as such, the amount of money that Plaintiff is receiving under the Agreement is fair and reasonable with respect to her unpaid back wages claims. (Levine Dec. at ¶¶ 10-14).

### III. APPLICABLE LAW & PROPRIETY OF COURT APPROVAL

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Padilla v. Pelayo*, No. 3:14-cv-305-TMR, 2015 WL 4638618, at *1 (S.D. Ohio Aug. 4, 2015) (quoting *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008)). "The central purpose of the FLSA is to protect covered employees against labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Id.* (quoting 29 U.S.C. § 202 (internal quotations omitted)). The FLSA's provisions are mandatory, and in general, they may not be bargained or waived, except under two circumstances. *Brooklyn Sav.Bank*

*v. O'Neil*, 324 U.S. 697, 706 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982).  The circumstance relevant here authorizes federal district courts to approve settlements of lawsuits for unpaid wages under the FLSA, like this action, brought in federal district court.  *Id.*

In reviewing a proposed FLSA settlement, the district court must scrutinize the proposed settlement and determine whether it is a fair and reasonable resolution of a *bona fide* dispute over the FLSA's provisions.  *See Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). To do so, district courts consider several factors, including: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of plaintiff's success on the merits; and (5) the public interest in settlement. *Padilla*, 2015 WL 4638618, at *1 (citing *Gen. Motors Corp.*, 497 F.3d at 631).  The Parties submit that the Agreement satisfies all of these factors.

### A.  The Agreement Satisfies the FLSA

#### 1.  No Indicia of Fraud or Collusion

The Parties' counsel each have extensive experience litigating FLSA claims, including actions claiming unpaid minimum wages and unpaid overtime compensation like those in this action.  (Levine Dec. at ¶¶ 2-3).  The Agreement was achieved after extensive, good-faith, and arms-length negotiations between the Parties mediated by Weiss.  (*Id.*)  During the course of these negotiations, the Parties concluded that there were serious questions that would cast doubt on the ultimate outcome of the litigation, and it was not possible to predict how a trier of fact would decide the Parties' bona fide

dispute over whether Plaintiff did, in fact, work through meal breaks without pay, and if so, how much time Plaintiff so worked.  (*Id.*)  Under such circumstances, a presumption of fairness attaches to the Parties' proposed Agreement.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354.  There is no evidence of fraud or collusion that would undermine this presumption here.

### 2. The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval

Although this action is not a collective action, the case is complex in that it involves allegations of unpaid minimum wages and unpaid overtime wages under the FLSA.  Here, the Parties dispute, among other things, the accuracy of Plaintiff's claimed time working through meal breaks per workweek, the accuracy of the Parties' records related to the same, whether Plaintiff followed Defendants' written policies and procedures for reporting and correcting unpaid worktime, and whether Plaintiff ever reported to Defendants that she was owed alleged unpaid wages.  (Levine Dec. at ¶ 13).  Litigating these issues any further would require costly and protracted litigation, including, but not limited to, formal written discovery, costly depositions, motion practice, a potential trial, and countless hours of preparation and related legal costs.  The cost of such activities would almost immediately outstrip the maximum value of Plaintiff's damages.  A settlement, on the other hand, provides substantial relief to Plaintiff promptly and efficiently.  As such, this factor favors this Court's approval of the Agreement.

### 3. Amount of Discovery/Investigation of Claims was Sufficient to Allow the Parties to Act Appropriately

The Parties engaged in investigation prior to entering into settlement negotiations.  This investigation involved the review and exchange of various documents, including, but

not limited to, Plaintiff's payroll documents, timesheets, other business records related to Plaintiff's wages and hours, and the Parties' respective analyses of Plaintiff's timesheets and their computations of Plaintiff's alleged damages. (Levine Dec. at ¶¶ 7-9). The legal issues presented in the case were also thoroughly researched by counsel for the Parties and all aspects of this dispute were well-understood by both sides. (*Id.*) Based on the foregoing, the Parties submit to the Court that their investigation and exchange of information was sufficient to allow their counsel to evaluate the Parties' respective claims and defenses and to make appropriate recommendations regarding the resolution of this Action.

### 4. Risks of Litigation and Uncertainty of Recovery Supports Approval

Counsel for the Parties recognize that litigation entails uncertainty and risk in terms of costs, duration, and result. While Plaintiff believes that if litigation were to continue, she would prevail on her unpaid wages claims, Defendants dispute liability, and contend that Plaintiff was properly paid. (Levine Dec. at ¶ 13). Additionally, the range of recovery is in dispute, and Defendants raised affirmative defenses to Plaintiff's claims raising additional uncertainty with regard to the outcome of this case. For instance, Plaintiff argued that liquidated damages apply to her claims, but Defendants contend that they will be able to successfully put forth a good faith argument that would deny liquidated damages.

The Agreement provides Plaintiff substantial monetary relief in light of these risks. This benefit outweighs the time, expense, and risk it would take to continue to litigate this action to judgment. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs. Further, based on the various issues in dispute

and the uncertainty of the outcome of Plaintiff's claims, the Parties' agree that the amount Plaintiff is receiving pursuant to the Agreement represents a reasonable compromise, and in fact, all of the money that Plaintiff claims that she is owed.

### 5. The Public Interest Further Supports Approval

Finally, a swift and fair resolution of this dispute is in the public interest. If forced to continue to litigate, the Parties would necessarily waste the judicial resources of this Court. Continued litigation will also drive up attorneys' fees on both sides without necessarily increasing any award for Plaintiff. In the end, both the Parties, and the public, would benefit from an early resolution of this matter.

## IV. CONCLUSION

For all of the reasons set forth above, the Parties respectfully request that this Court approve the settlement in this Action by entering the proposed Order Approving Settlement and Dismissal of Action With Prejudice (attached hereto as **Exhibit C**).

Respectfully submitted, this 19th day of July, 2018.

**VOUDRIS LAW LLC**

/s/ *Brad Levine*
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Brad Levine, Esq.
Supreme Court No. 0090286
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
blevine@voudrislaw.com
440-543-0672
440-543-0721 (fax)

*Counsel for Plaintiff*

**FISHER & PHILLIPS LLP**

/s/ *Samuel N. Lillard*
Samuel N. Lillard (0040571)
Mathew A. Parker (0093231)*
250 West Street, Suite 400
Columbus, OH 43215
(614) 221-1425
(614) 221-1409 Fax
slillard@fisherphillips.com
mparker@fisherphillips.com

*Counsel for Defendants*

* *To apply for admission pursuant to Local Rule 83.5.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July19th 2018, a copy of the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT and EXHIBITS A, B & C** have been filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Samuel N. Lillard*
Samuel N. Lillard (0040571)